1999 WL 1318498
(Cite as: 1999 WL 1318498 (D.Nev.))

Page 1

C
Only the Westlaw citation is currently available.


United States District Court, D. Nevada.

BASKIN-ROBBINS, INC., Plaintiff,
v.
A. ENDER, LTD., Defendant.

No. CV-N-99-206-ECR (PHA.

Sept. 10, 1999.

David Worthen, Washington, D.C., Katherine Bobier, Reno, Nevada, for the Plaintiff.

Maurice Sullivan, Reno, Nevada, for the Defendant.


COMPUTER-ASSISTED TRANSCRIPTION

REED, J.

RENO, NEVADA
*1 THE COURT: MS. CLERK, ITS MY UNDERSTANDING THAT THE COUNSEL ARE ON THE TELEPHONE?

IS MR. WORTHEN ON THE PHONE?
THE CLERK: YES, YOUR HONOR.

MS. BOBIER, MR. WORTHEN AND MR. SULLIVAN.
THE COURT: ALL RIGHT.

MR. WORTHEN, CAN YOU HEAR US?
MR. WORTHEN: YES, YOUR HONOR.
THE COURT: MS. BOBIER?
MS. BOBIER: YES, YOUR HONOR.
THE COURT: AND MR. SULLIVAN?
MR. SULLIVAN: YES, YOUR HONOR.
THE COURT: THE COURT AT THIS TIME WILL

ANNOUNCE ITS DECISION ON THE MOTION FOR PRELIMINARY INJUNCTION BROUGH BY PLAINTIFF.

THE HEARING WAS HELD ON THIS MATTER YESTERDAY.

THE FOLLOWING SHALL CONSTITUTE THE FINDINGS OF FACT, CONCLUSIONS OF LAW, AND THE ORDER OF THE COURT IN RESPECT TO THE MOTION FOR PRELIMINARY INJUNCTION:

THE DEFENDANT, A. ENDER, LIMITED, WHICH I SHALL SOMETIMES REFER TO IN THIS DECISION AS ENDER, HAS BEEN A BASKIN-ROBBINS FRANCHISEE WITH A STORE IN SPARKS, NEVADA FOR SOME TWENTY-FIVE YEARS.

THE STORE HAS BEEN VERY SUCCESSFUL.

ONE HAS TO HAVE SOME SYMPATHY IN THESE PROCEEDINGS FOR MR. ART ENDER, PRESIDENT OF THE DEFENDAN CORPORATION AND MANAGER OF THE STORE.

IT LOOKS AS IF HE AND HIS WIFE HAVE PRETTY MUCH PUT THEIR LIFE'S WORK IN THE STORE AND IN ESSENCE STAND TO LOSE THEIR INVESTMENTS OF BOTH TIME AND MONEY. THEY ARE NOT YOUNG PEOPLE.

MR. ENDER FEELS HE'S BEING TREATED UNFAIRLY AFTER HAVING DONE A GREA DEAL OF VALUABLE BUSINESS WITH AND FOR BASKIN-ROBBINS OVER A MANY YEAR PERIOD.

HE FEELS HE IS BEING SINGLED OUT FOR BAD TREATMENT BY BASKIN-ROBBINS FOR SOME UNKNOWN REASON.

THE ORIGINAL TERM OF THE LAS FRANCHISE AGREEMENT RAN FROM APRIL 19, 1993 TO APRIL 30, 1997.

HOWEVER, THAT AGREEMENT CONTAINS A CLAUSE WHICH STATES THAT IF THE AGREEMENT TERMINATES THE FRANCHISE NONETHELESS CONTINUES ON A MONTH-TO-MONTH BASIS IN ACCORDANCE WITH FRANCHISE AGREEMENTS BEING OFFERED TO NEW FRANCHISEES BY BASKIN-ROBBINS AT THE TIME OF THE EXPIRATION OF THE ORIGINAL AGREEMENT, THUS IN THIS CASE FRANCHISE AGREEMENTS BEING OFFERED

Copr. © West 2002 No Claim to Orig. U.S. Govt. Works

1999 WL 1318498
(Cite as: 1999 WL 1318498 (D.Nev.))

TO NEW FRANCHISEES ON APRIL 30, 1997.

WHILE THE EVIDENCE DOES NOT SHOW WHETHER ENDER HAS EVER RECEIVED OR HAD KNOWLEDGE OF FRANCHISE AGREEMENTS WHICH WERE BEING OFFERED TO NEW FRANCHISEES OF THE BASKIN-ROBBINS IN APRIL OF 1997, WE HAVE IN EVIDENCE A COPY OF THE FRANCHISE AGREEMENTS WHICH WERE BEING USED BY BASKIN-ROBBINS AT THA TIME FOR NEW FRANCHISEES.

ENDER DOES NOT DISPUTE THAT HIS FRANCHISE AGREEMENT, WHICH TERMINATED IN APRIL OF 1997, IS, FOR OUR PURPOSES HERE, ESSENTIALLY THE SAME AS THAT WHICH WAS OFFERED TO NEW FRANCHISEES BY BASKIN-ROBBINS IN APRIL 1997.

NOR DOES ENDER DISPUTE THAT I RECEIVED A COPY OF THE APPLICABLE BASKIN- ROBBINS MANUAL OF STANDARDS FOR OPERATION OF FRANCHISES CURRENTLY USED AT THIS TIME, OR THAT MR. ENDER RECEIVED TRAINING FROM BASKIN-ROBBINS IN OPERATING UNDER THAT MANUAL DURING A VERY RECENT TIME.

IF THERE WERE A PROBLEM WITH THE FRANCHISE REQUIREMENTS IT HAD TO MEET, ENDER HAD SOME OBLIGATION TO CHECK INTO WHAT THOSE REQUIREMENTS WERE, BUT MORE IMPORTANT THAN THAT, AT THE EVIDENTIARY HEARING ENDER DOES NOT SERIOUSLY DISPUTE HIS OBLIGATION TO MEET THE HEALTH AND SANITARY STANDARDS OF BASKIN-ROBBINS' FRANCHISE AGREEMENT.

*2 HE ONLY DISPUTES AT THE EVIDENTIARY HEARING WHETHER OR NO HE HAS MET AND IS MEETING THOSE STANDARDS.

SINCE EXPIRATION OF THE ORIGINAL TERM OF THE FRANCHISE ON APRIL 30, 1997, IT IS CLEAR THAT THE PARTIES HAVE CONTINUED TO OPERATE ON A MONTH-TO-MONTH FRANCHISE BASIS, ACCORDING TO THE SAME TERMS

ESSENTIALLY AS ARE CONTAINED IN THE ENDERS' FRANCHISE AGREEMENT WHICH TERMINATED ON THAT DATE.

AND I MIGHT SAY THERE ARE NO DIFFERENCES IN THE FRANCHISE AGREEMENT WHICH MR. ENDER HAD AND THE FRANCHISE AGREEMENTS BEING OFFERED TO NEW FRANCHISEES IN APRIL OF 1997, WHICH MAKE ANY DIFFERENCE IN THIS CASE.

FOR OUR PURPOSES THEY ARE THE SAME.

ENDER HAS CONTINUED TO PURCHASE CONSIDERABLE QUANTITIES OF PRODUCTS ON A WEEKLY BASIS FROM BASKIN-ROBBINS.

AND HAS PAID THE FOUR PERCEN ROYALTY CHARGE IMPOSED UNDER THE APPLICABLE FRANCHISE AGREEMENT.

ALL THE CREDIBLE EVIDENCE IS THA THE FRANCHISE AGREEMENT HAS BEEN CONTINUED ON A MONTH-TO-MONTH BASIS FROM APRIL 30, 1997 UP TO THE PRESENT DATE.

THE EVIDENCE FURTHER SHOWS THA ENDER IS OBLIGATED TO ABIDE BY THE MANUAL OF HEALTH AND SANITATION STANDARDS OF BASKIN-ROBBINS WHICH ARE PRESENTLY IN FORCE.

THE EVIDENCE SHOWS ALSO THAT ENDER HAS NOT DONE SO AND HAS BEEN IN DEFAULT AND CONTINUES IN DEFAULT OF MEETING THOSE STANDARDS.

THE COURT FINDS THAT THE DEFENDAN IS NOT IN COMPLIANCE WITH THE STANDARDS SET FORTH AS REFLECTED IN EXHIBIT 8, ADMITTED IN EVIDENCE.

ADEQUATE NOTICE OF THESE DEFICIENCIES HAS BEEN GIVEN REPEATEDLY TO ENDER.

WHEREVER OUR SYMPATHIES MAY LIE AND WHATEVER MOTIVES BASKIN-ROBBINS MIGHT HAVE IN SEEKING THIS PRELIMINARY INJUNCTION, OUR

Copr. © West 2002 No Claim to Orig. U.S. Govt. Works

1999 WL 1318498                                                    Page 3
(Cite as: 1999 WL 1318498 (D.Nev.))

SWORN DUTY IS TO UPHOLD THE LAW.

WE ARE CONCERNED ABOUT THE STATEMENT BY COUNSEL FOR PLAINTIFF IN CLOSING ARGUMENT THAT "WE, BASKIN-ROBBINS, ARE GOING TO HAVE THAT STORE".

THIS SUGGESTS THAT BASKIN-ROBBINS' MOTIVES MAY BE TO TAKE BACK DEFENDANT'S STORE FOR ITS OWN BENEFIT RATHER THAN ALLOWING MR. ENDER TO SELL IT AND REALIZE THE BENEFIT OF THE GOODWILL HE HAS OBVIOUSLY BUILT UP WITH HIS CLIENTELE OVER THE PAST TWENTY-FIVE YEARS.

THERE I REFER TO THE VERY CONSIDERABLE WEEKLY SALES WHICH HE IS MAKING OF THE ICE CREAM PRODUCTS OF BASKIN-ROBBINS.

HOWEVER, THIS IS A MATTER WHICH DOES NOT AFFECT WHETHER OR NOT WE SHOULD ISSUE A PRELIMINARY INJUNCTION REQUIRING ENDER TO CURE WHAT ARE ESSENTIALLY HEALTH AND SANITATION DEFICIENCIES IN MEETING THE REQUIREMENTS OF BASKIN-ROBBINS' NATIONAL STANDARDS.

ENDER IS OBLIGATED TO MEET THOSE STANDARDS.

IT ALSO MAY BE TRUE THA BASKIN-ROBBINS CAN HAVE THE STORE UNDER ITS CONTRACT WITH ENDER, WHETHER ANYBODY ELSE LIKES IT OR NOT, AND WHETHER OR NOT THE FRANCHISEE MAY FROM SOME PERSPECTIVES APPEAR TO BE TREATED UNFAIRLY, SHOULD SUCH OCCUR.

THAT PICTURE IS NOT ENTIRELY ONE-SIDED, HOWEVER.

MR. ENDER RECEIVED NOTICES OF THE DEFICIENCIES COMMENCING IN FEBRUARY 1999, AND ALTHOUGH HE HAS HAD APPROXIMATELY SIX MONTHS TO CURE THEM, HE HASN'T REALLY DONE VERY MUCH ABOUT MEETING THESE DEFICIENCIES.

*3 THIS IS TRUE EVEN WITH RESPECT TO MANY ITEMS WHICH APPEAR RATHER EASY AND INEXPENSIVE TO CURE.

IF I WERE KING SOLOMON, I MIGH DECIDE THIS MATTER IN SOME OTHER WAY, BUT I'M NOT, I AM A JUDGE OF THIS COURT AND MUST DECIDE THE INJUNCTION ON THE BASIS OF THE EVIDENCE AND THE APPLICABLE LAW, NOTWITHSTANDING HOW I MIGHT FEEL ABOUT THAT PERSONALLY.

THE EVIDENCE SHOWS THAT PLAINTIFF WILL PROBABLY SUCCEED ON THE MERITS OF THE LAWSUIT.

DEFENDANT IS BOUND BY AN AGREEMENT WHICH IT IS NO PERFORMING.

THE EVIDENCE SHOWS THAT THERE IS A THREAT OF IRREPARABLE INJURY TO PLAINTIFF IF THE INJUNCTION IS NO GRANTED.

THE POSSIBILITY OF IRREPARABLE INJURY ARISES BECAUSE THE EVIDENCE SHOWS THAT UNSANITARY CONDITIONS A DEFENDANT'S STORE MAY RESULT IN ILLNESS OF BASKIN-ROBBINS' CUSTOMERS.

THE POTENTIAL OF INFECTION OF CUSTOMERS BECAUSE OF E-COLI OR OTHER DANGEROUS AILMENTS RESULTED FROM UNSANITARY CONDITIONS AT THE STORE IS CONSIDERABLE.

IF SUCH WERE TO OCCUR, CERTAINLY THE REPUTATION, GOODWILL AND BUSINESS OF BASKIN-ROBBINS AT LARGE IN THE COUNTRY WOULD BE HARMED.

THIS CONSTITUTES IRREPARABLE INJURY.

THE BALANCE OF THE HARDSHIPS ALSO TIPS IN FAVOR OF PLAINTIFF FOR THE SAME REASON.

THE COST TO BRING DEFENDANT'S STORE IN LINE WITH BASKIN-ROBBINS' STANDARDS IS NOT LARGE, ACCORDING TO THE REPRESENTATIONS MADE AT THE

Copr. © West 2002 No Claim to Orig. U.S. Govt. Works

1999 WL 1318498
(Cite as: 1999 WL 1318498 (D.Nev.))

EVIDENTIARY HEARING.

THE FIGURE OF ONE THOUSAND DOLLARS TO COVER A MAJORITY OF THE COST WAS MENTIONED.

IT APPEARS TO THE COURT THE COST OF MEETING THE DEFICIENCIES MAY BE SOMEWHAT IN EXCESS OF THAT, BUT IT IS NOT A LARGE DOLLAR FIGURE.

AS CONTRASTED WITH THE COST TO ENDER OF CURING THESE DEFICIENCIES, THE OUTBREAK OF SALMONELLA OR SOME OTHER DISEASE OR INFECTION WHICH MAY BE VISITED UPON THE CUSTOMERS OF THE STORE, AS A RESULT OF CONDITIONS AT THE STORE, TIP THE HARDSHIPS IN FAVOR OF PLAINTIFF, BECAUSE THOSE RISKS AND THOSE PROBLEMS ARE VERY SERIOUS AND MAY HAVE EVEN A NATIONAL IMPACT ON BASKIN-ROBBINS.

THE PUBLIC HEALTH ASPECTS OF THE EVIDENCE SHOW THAT THE PUBLIC INTEREST FAVORS THE GRANTING OF THE INJUNCTION.

THUS PLAINTIFF HAS SATISFIED ONE OF THE ALTERNATIVE TESTS FOR GRANTING A PRELIMINARY INJUNCTION IN THE NINTH CIRCUIT.

THERE ARE ESSENTIALLY THREE TESTS.

THE TRADITIONAL TESTS AND THE TWO ALTERNATIVE TESTS, AND THIS TES WHICH IS MET HERE; IS ONE OF THE ALTERNATIVE TESTS PRESCRIBED BY THE NINTH CIRCUIT.

THE THREAT OF IRREPARABLE INJURY TO PLAINTIFF IS IMMEDIATE.

THE EVIDENCE SHOWS THAT UNLESS THE HEALTH THREATENING CONDITIONS A DEFENDANT'S STORE ARE CORRECTED, THERE COULD BE AN OUTBREAK OF ILLNESS AFFECTING BASKIN-ROBBINS' CUSTOMERS AT ANY TIME.

BASKIN-ROBBINS' HEALTH STANDARDS

ARE APPARENTLY HIGHER THAN THOSE OF THE WASHOE COUNTY HEALTH DEPARTMENT.

BASKIN-ROBBINS IS ENTITLED, UNDER ITS CONTRACTS, TO INSIST ON STRICTER STANDARDS AND THE STANDARDS BASKIN-ROBBINS REQUIRES DO NOT, IN VIEW OF THE COURT, ACCORDING TO THE EVIDENCE PRESENTED, APPEAR TO BE UNREASONABLE.

BASKIN-ROBBINS OPERATES IN THE FOOD BUSINESS ON A NATIONAL SCALE, AND I MAKES SENSE THAT IT WOULD IMPOSE HIGH HEALTH STANDARDS ACROSS THE MANY AREAS OF THE COUNTRY IN WHICH IT CONDUCTS ITS BUSINESS.

*4 THE FACT THAT BASKIN-ROBBINS HAS CONTINUED TO SELL PRODUCTS TO DEFENDANT THROUGH THIS PERIOD DOES NOT CONSTITUTE A WAIVER OF BASKIN-ROBBINS' RIGHT TO INSIST THA THE FRANCHISE AGREEMENT BE COMPLIED WITH.

BASKIN-ROBBINS HAS ACTED EXPEDITIOUSLY IN SEEKING THE INJUNCTION.

THERE WAS NO UNREASONABLE DELAY, NOR DOES THE TIME PERIOD BETWEEN THE INSPECTIONS AND THE BRINGING OF THE MOTION INDICATE THAT THE THREA IS OTHER THAN IMMEDIATE.

THE FRANCHISE OF DEFENDANT WILL CONTINUE AT LEAST UNTIL JANUARY 2000, AND THAT IS A SUFFICIENT REMAINING PERIOD TO JUSTIFY THE GRANTING OF AN INJUNCTION.

IN OUR ANALYSIS HERE, WHICH IS MADE BASICALLY ON BREACH OF CONTRAC GROUNDS, WE DO NOT HAVE TO GO ON BEYOND THAT TO REACH THE QUESTION OF WHETHER THERE IS TRADEMARK INFRINGEMENT OR TRADEMARK DILUTION INVOLVED IN THE CASE.

THAT ANALYSIS IS UNNECESSARY IN VIEW OF OUR FINDINGS.

Copr. © West 2002 No Claim to Orig. U.S. Govt. Works

1999 WL 1318498
(Cite as: 1999 WL 1318498 (D.Nev.))

MS. CLERK, YOU WILL THEREFORE ENTER THE ORDER OF THE COURT AS FOLLOWS:

IT IS ORDERED AND ADJUDGED THA DEFENDANT, ITS OFFICERS, AGENTS, SERVANTS, EMPLOYEES, AND ATTORNEYS, AND THOSE PERSONS IN ACTIVE CONCER OR PARTICIPATION WITH ANY OF THEM, AND EACH OF THEM WHO RECEIVE ACTUAL NOTICE OF THIS ORDER BY PERSONAL SERVICE OR OTHERWISE, ARE PRELIMINARILY ENJOINED AND RESTRAINED PENDING THE FURTHER PROCEEDINGS IN THIS CASE TO CEASE VIOLATING THE BASKIN- ROBBINS' HEALTH AND SANITATION STANDARDS WHICH ARE SEEN TO BE VIOLATED IN EXHIBIT 8, A COPY OF WHICH SHALL BE ATTACHED TO THESE MINUTES OF COURT, AND WHICH IS INCORPORATED IN THE COURT'S ORDER AND MADE A PAR THEREOF.

THIS PRELIMINARY INJUNCTION SHALL TAKE EFFECT TEN DAYS FROM DATE OF ENTRY OF THIS ORDER.

THE DELAY IN THE EFFECTIVE DATE OF THE INJUNCTION IS TO ALLOW DEFENDANT A REASONABLE OPPORTUNITY TO CURE THE DEFICIENCIES IN THE INTERIM PERIOD OF TIME.

IF THERE IS SOME SPECIFIC ITEM SE FORTH IN EXHIBIT 8 WHICH CANNO REASONABLY BE CORRECTED WITHIN THE TEN DAY PERIOD, COUNSEL MAY FILE A TIMELY APPLICATION TO THE COURT FOR A REASONABLE EXTENSION OF TIME TO CURE SUCH ITEM, OR A STIPULATION MAY BE FILED FOR APPROVAL OF THE COUR PROVIDING FOR SUCH EXTENSION OF TIME.

FURTHER ORDERED THAT THE INJUNCTION SHALL NOT BE EFFECTIVE UNTIL PLAINTIFF SHALL POST SECURITY WITH THE CLERK OF THE COURT IN A FORM TO BE APPROVED BY THE MAGISTRATE JUDGE IN THE AMOUNT OF TWO THOUSAND DOLLARS FOR PAYMEN OF SUCH COSTS AND DAMAGES AS MAY BE INCURRED OR SUFFERED BY DEFENDAN IF FOUND TO HAVE BEEN WRONGFULLY

ENJOINED.

THAT IS THE ORDER OF THE COURT AND COURT STANDS ADJOURNED.

(COURT ADJOURNED, 3:25 P.M.)
    I HEREBY CERTIFY THAT THE FOREGOING IS A TRUE AND CORREC COPY OF THE PROCEEDINGS HELD IN THE ABOVE-ENTITLED ACTION.

1999 WL 1318498, 1999 WL 1318498 (D.Nev.)

END OF DOCUMENT

Copr. © West 2002 No Claim to Orig. U.S. Govt. Works